# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3537

_____

| | | |
|---|---|---|
| Mahesh Reinholdson, a minor, by his parent, Jan Simon, | * * * | |
| Plaintiff - Appellant, | * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| School Board of Independent School District No. 11, | * * * | **[UNPUBLISHED]** |
| Defendant - Appellee. | * | |

_____

Submitted: April 19, 2006
Filed: July 27, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

PER CURIAM.

Mahesh Reinholdson by his parent, Jan Simon, appeals the district court's[1] denial of a compensatory education remedy under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.* Mahesh is a disabled student. During the 2000-2001 school year, when Mahesh attended sixth grade at a middle school in Independent School District No. 11 (the District), his parent rejected the

_____

[1]The HONORABLE ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

District's proposed individualized education plan. In February 2001, the District requested a due process hearing. In March, the parent requested a hearing on other issues, including whether the District had failed to develop a timely Extended School Year (ESY) program. ESY services are special education services provided beyond the normal school year to disabled children who need a continuous educational experience in order to receive a free appropriate public education. See 34 C.F.R. § 300.309; Johnson v. Ind. Sch. Dist. No. 4, 921 F.2d 1022, 1030 (10th Cir. 1990). The parties agree that Mahesh was then in need of ESY services.

The state independent hearing officer held a consolidated due process hearing from May 8-16, 2001. See 20 U.S.C. § 1415(f). On May 17, the District proposed an ESY program. In a lengthy decision addressing a myriad of issues, the hearing officer denied Mahesh's request for ESY relief, concluding that the District always intended to offer ESY services, Mahesh's parent had not cooperated in discussing ESY issues, 34 C.F.R. § 300.309 does not prescribe the time in which the District must present an ESY proposal, and it would be premature to consider whether the District's post-hearing proposal was appropriate. The state hearing review officer upheld this ruling. See 20 U.S.C. § 1415(g). Mahesh then commenced this action under 20 U.S.C. § 1415(i) seeking judicial review of many aspects of the administrative decision. The district court granted summary judgment in favor of the District. Mahesh appeals only the denial of ESY relief. As he is no longer attending school in the District, only the claim for a compensatory remedy is at issue.

On appeal, Mahesh argues that the District's unreasonable delay in developing an ESY program denied him a free appropriate public education. Noting that Minnesota's two-tier administrative hearing process takes 105 days to complete, assuming no delays, Mahesh argues that 34 C.F.R. § 300.309 should be construed as requiring the District to propose an ESY program at least 105 days before the end of the school year. He also disagrees with the hearing officer's assessment of why the District's 2000-2001 ESY proposal was delayed to May 17. We reject these

contentions for the reasons stated in the district court's thorough Memorandum Opinion and Order dated August 2, 2005. Mahesh further argues that the District's ESY policy is substantively flawed because it is limited to the consideration of only two educational factors. Assuming this issue is not moot, it was neither administratively exhausted nor raised in the district court and therefore is not properly before us.

The judgment of the district court is affirmed.

_____